UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 20-114-DLB

MICHAEL R. SMITH                                                                                  PETITIONER

v.                                            **MEMORANDUM ORDER**

WARDEN, FCI ASHLAND                                                                RESPONDENT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner Michael Smith is a federal inmate currently confined at the Federal Correctional Institute in Ashland, Kentucky. Proceeding without counsel, Smith has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). In his Petition, Smith contends that he was improperly sentenced as a career offender and that he is entitled to resentencing under the First Step Act. For the reasons set forth below, Smith's Petition is **denied**.

In September 2012, a federal grand jury in the District of South Carolina indicted Smith on various cocaine distribution and firearms charges. *United States v. Smith*, 3:12-cr-733 (D.S.C. 2017), ECF No. 3. Smith pled guilty to those charges. *Id.* at ECF No. 57. Smith's plea agreement contained both an appellate waiver as well as a waiver of collateral review of Smith's conviction and sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. *Id.* at ECF No. 54 ¶ 16. In October 2013, the district court in South Carolina sentenced Smith to a term of 264 months' imprisonment, with five years of supervised release to follow. *Id.* at ECF No. 64. Smith filed an appeal that he later voluntarily dismissed. *Id.* at ECF Nos. 66 and 84. In March

1

2016, Smith filed a motion to vacate under 28 U.S.C. § 2255 in the sentencing court, arguing that his career offender classification was invalid in light of *Johnson v. United States*, 576 U.S. 591 (2015), which held that the residual clause in the Armed Career Criminal Act that defined "violent felony" was unconstitutionally vague. *Id.* at ECF No. 98. The district court denied the motion as untimely because it was filed after the expiration of the one-year statute of limitations in 28 U.S.C. § 2255(f). *Id.* at ECF No. 109. The district court further held that the Supreme Court's decision in *Johnson* did not constitute an intervening change in the law that excused Smith's untimely motion, because the rule in *Johnson* did not apply to the identically worded residual clause in the Career Offender Guideline. *Id.* (citing *Beckles v. United States*, 137 S. Ct. 886 (2017)).

Now before this Court, Smith again moves to vacate his sentence, this time using a different statute—§ 2241—and a different theory of relief. Smith argues that the district court improperly sentenced him as a career offender by misclassifying his state-court conviction for Criminal Domestic Violence of a High and Aggravated Nature as a predicate "crime of violence" under U.S.S.G. § 4B1.2(a). (Doc. # 1-1 at 19-21). According to Smith, because he was only sentenced to ninety days' imprisonment on this conviction, the conviction did not fit the definition of a "crime of violence," which must be "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(a). (*See* Doc. # 1-1 at 21).

The Court need not reach the merits of Smith's career offender claim[1] because his habeas petition must be denied as an improper attempt to circumvent the limit on

---

[1] The Court notes, however, that the Fourth Circuit, albeit in an unpublished opinion, has held that Criminal Domestic Violence of a High and Aggravated Nature is a "crime of violence" for purposes of the Career Offender Guideline. *See United States v. Chisolm*, 579 F. App'x 187, 195-96 (4th Cir. 2014).

2

successive § 2255 motions in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255(h).[2] In general, § 2255, rather than § 2241, is the appropriate mechanism for attacking the legality of a conviction or sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition is typically only a vehicle for challenging actions taken by prison officials that affect the *manner* in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447-48 (6th Cir. 2009). Unfortunately for Smith, he previously filed a § 2255 motion, which the district court denied. A prisoner normally has only one chance to challenge the legality of his sentence under § 2255. *See* 28 U.S.C. 2255(h). The only exceptions to this rule are for § 2255 motions that contain new evidence of innocence or new constitutional rules established by the U.S. Supreme Court that are made retroactive to cases on collateral review. *Id.* Smith's instant challenge to his sentence does not present new evidence and does not involve constitutional law. Accordingly, Smith is foreclosed from raising his career offender argument in a second § 2255 motion.

Contrary to Smith's contention, he may not invoke what is known as the "savings clause" in 28 U.S.C. § 2255(e) to bypass the restriction on successive § 2255 motions. In extraordinary cases, the savings clause allows a prisoner to file a petition under § 2241 when § 2255's remedy is "inadequate or ineffective to test the legality of [a prisoner's]

---

[2] Denial of Smith's Petition without benefit of a response from the warden is proper where, as here, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

detention." 28 U.S.C. § 2255(e).  There is no limit on successive § 2241 petitions, so the savings clause sometimes operates as "an escape valve of sorts" by "allow[ing] some prisoners to file their claims under § 2241, free from § 2255's restrictions on second or successive motions."  *Hueso v. Barnhart*, 948 F.3d 324, 341 (6th Cir. 2020) (Moore, J., dissenting).

Smith argues that the savings clause applies here because his claim depends on an intervening change in statutory law that was not available at the time he filed his § 2255 motion.  That change in law, Smith says, was the result of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).  (*See* Docs. # 1 at 7 and 1-1 at 2, 13). In *Simmons*, the Fourth Circuit held that when determining whether a prior state conviction qualifies as a "felony drug offense" that would enhance a defendant's federal sentence under 21 U.S.C. § 841, courts should look to the maximum penalty that the particular defendant faced under state sentencing guidelines, rather than the maximum sentence provided in the state statute.  *Id.* at 243-50.

Assuming that the analysis in *Simmons* pertaining to 21 U.S.C. § 841 is at all analogous to the Career Offender Guideline at issue here, *Simmons* is nonetheless unhelpful to Smith for two reasons.  First, *Simmons*, which came down in 2011, preceded both Smith's sentencing in 2013 and his § 2255 motion filed in 2016.  To render § 2255 "inadequate or ineffective," the prisoner must have had "'no reasonable opportunity' to make his argument any earlier, 'either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255.'"  *Wright v. Spaulding*, 939 F.3d 695, 703 (6th Cir. 2019) (internal brackets omitted) (quoting *In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998)).  Second, changes in statutory law from *circuit court*

4

precedent such as *Simmons* cannot suffice to show § 2255's inadequacy. *Hueso*, 948 F.3d at 332. Rather, a prisoner must "identify a new *Supreme Court* decision to show that § 2255's remedy is inadequate or ineffective." *Id.* at 339 (emphasis added). For this reason, the court in *Hueso* ruled that the petitioner in that case "may not rely on . . . the Fourth Circuit's decision in *Simmons* as the basis for his habeas claim." *Id.*

Smith's § 2241 petition is procedurally barred for two additional reasons. First, the collateral review waiver in Smith's plea agreement precludes Smith from bringing a habeas petition under § 2241. Although the plea agreement did not mention § 2241 by name, the plea agreement's language barring "any post-conviction action, including any proceeding under § 2255," clearly contemplates a collateral attack under § 2241. *See Smith*, 3:12-cr-733, at ECF No. 54 ¶ 16. This type of broad waiver of the right to collaterally attack a conviction has been held sufficient to bar a § 2241 action. *See Moser v. Quintana*, No. 17-6421, 2018 U.S. App. LEXIS 16928, at *4 (6th Cir. June 21, 2018) (unpublished order) (citing *Mullers v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013)). Second, Smith's argument that his misclassification as a career offender led to a higher sentence under the advisory Sentencing Guidelines is not cognizable on collateral review. *See Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019).

In addition to his argument regarding the career offender enhancement, Smith claims that he is eligible for a reduced sentence by way of the First Step Act. (Doc. # 1-1 at 29-33). But such a claim is properly brought as part of a motion under 18 U.S.C. § 3582(c), which must be made in the court that imposed the prisoner's sentence. *United States v. Davis*, 924 F.3d 899, 904 n.4 (6th Cir. 2019); *United States v. Avery*, 807 F. App'x 74, 77 (2d Cir. 2020) (affirming denial of relief under the First Step Act because

5

"any reduction of the original 71-month sentence must be made by the sentencing court that imposed that sentence"); *Rodriguez-Aguirre v. Hudgins*, 739 F. App'x 489, 491 n.2 (10th Cir. 2018). The court that sentenced Smith to his current term of imprisonment is the United States District Court for the District of South Carolina, and Smith must move that court for relief under the First Step Act. Accordingly,

**IT IS ORDERED** that Michael Smith's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) be **DENIED**.

This 8th day of October, 2020.



Signed By:
*David L. Bunning*
**United States District Judge**

J:\DATA\ORDERS\Ashland Civil\2020\20-114 Mem Order Denying Habeas Petition.docx